UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL SCARLETT,<br><br>      Plaintiff,<br><br>v.<br><br>NATIONAL SCIENCE FOUNDATION<br>OFFICE OF INSPECTOR GENERAL,<br><br>      Defendant. | Civil Action No. 22-3451 (CJN) |

**DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT**

Defendant, the National Science Foundation Office of Inspector General, by and through undersigned counsel, respectfully moves this Court to dismiss or, alternatively, grant summary judgment in its favor on Plaintiff's claims against it under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, because Plaintiff failed to exhaust his administrative remedies, and thus the complaint fails to state a claim upon which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6).

Plaintiff, who is proceeding *pro se*, should take note that the failure to respond to this motion to dismiss may result in the district court granting it and dismissing the case. *See* Local Civil Rule 7(b) ("Within 14 days of the date of service or as such other time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion [or] the court may treat the motion as conceded.").

Dated: March 20, 2023						Respectfully submitted,

							MATTHEW M. GRAVES
							United States Attorney
							D.C. Bar No. 481052

							BRIAN P. HUDAK
							Chief, Civil Division

					By:		/s/ T Anthony Quinn
							T. ANTHONY QUINN
							D.C. Bar No. 415213
							Assistant United States Attorney
							601 D Street, NW
							Washington, D.C. 20530
							(202) 252-7558
							tony.quinn2@usdoj.gov

							*Counsel for the United States of America*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 20, 2023, I caused a copy of the foregoing to be served on Plaintiff *via* postage prepaid first-class mail to:

CAROL SCARLETT
1417 Ginger Lane
Naperville, IL 60565

　　　　　　　　　　　*/s/ T Anthony Quinn*
　　　　　　　　　　　T. ANTHONY QUINN
　　　　　　　　　　　Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CAROL SCARLETT,

    Plaintiff,

v.

NATIONAL SCIENCE FOUNDATION
OFFICE OF INSPECTOR GENERAL,

    Defendant.

Civil Action No. 22-3451 (CJN)

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant, the National Science Foundation Office of Inspector General, by and through undersigned counsel, respectfully submits this Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment.

Plaintiff Carol Scarlett's claim under the Freedom of Information Act ("FOIA") should be dismissed because Plaintiff has not exhausted her administrative remedies as to any request for information made pursuant to the FOIA. 5 U.S.C. § 552. Alternatively, summary judgment is appropriate on that basis.

### PROCEDURAL BACKGROUND

On July 21, 2022, Plaintiff emailed a FOIA request to National Science Foundation Office of Inspector General, seeking:

> investigatory interviews conducted by Maureen Weir and Elizabeth Christensen regarding a complaint filed by myself, Dr. Carol Scarlett, against Sohel Ahmed, Charles Ziegler and Aaron Rhodenbaug.

> The complaint that I filed was "investigated" between the dates 06/03/2018 and 09/11/2019.
>
> I am seeking access to all investigator files produced by these investigators pertaining to the investigation of her complaint from June 3, 2018.

See Pl.'s Compl. ¶ 16; *see also* Ex. 1. On September 8, 2022, Defendant sent its final response to Plaintiff's FOIA request. *See* Ex. 2. Specifically, Defendant stated, in part:

> To the extent you are seeking investigative records about third-party individuals, the OIG cannot publicly confirm or deny the existence of records about any third-party individual without their written consent, proof of OIG's public acknowledgment of an investigation about them, or a significant public interest that outweighs the privacy interests of that third party. See Exemption 7(C) of the FOIA, 5 U.S.C. § 552(b)(7)(C).
>
> In response to your request, the OIG located one closed case file in the Office of Investigations. We note that you are the complainant for the case, but the subject of the investigation is a third-party individual (i.e., another person).
>
> Without the investigative subject's written consent, the written consent of other third parties (e.g., those interviewed by the OIG or simply mentioned in the case file), or an overriding public interest in the disclosure of personally identifiable records about those third parties, these records are generally exempt from public disclosure pursuant to Exemptions 6 and 7(C) of the FOIA, 5 U.S.C. § 552(b)(6),(7)(C), which pertain to information the release of which would, or could be reasonably expected to, constitute an unwarranted invasion of personal privacy. We are also withholding information in these records that is protected under FOIA Exemption 5 (deliberative process privilege), which protects intra-agency communications that would be privileged in the civil discovery context. 5 U.S.C. § 552(b)(5). . . .
>
> We also processed these records under the FOIA to provide you the greatest possibility of access. Of the five records that may be disclosed to you under this "routine use", in conjunction with the FOIA, one page is being disclosed in full and 64 pages are being disclosed in part, with redactions made pursuant to FOIA Exemptions 5 (deliberative process privilege), 6 and 7(C), in conjunction with the Privacy Act of 1974, 5 U.S.C. § 552a(j)(2), (k)(2) and 45 C.F.R. § 613.5. We are withholding the audio recording of your OIG interview because we do not have the technical capability to extract reasonably segregable information from the protected portions of the recording.

*See* Ex. 2 at 1-2 (footnote omitted). Most significantly, Defendant notified Plaintiff of her rights to appeal Defendant's final decision and response. Specifically, Defendant advised:

> If you are not satisfied with the OIG's final response to your request, you may administratively appeal by writing to the Counsel to the Inspector General, Ken Chason, Office of the Inspector General, National Science Foundation, 2415 Eisenhower Avenue, Alexandria, VA 22134, foiaoig@nsf.gov.
>
> Alternately, you may appeal directly to the General Counsel of the Foundation, at the same address.[fn 3] Your appeal must be postmarked or electronically transmitted within 90 days from the date of this response.

*Id*. at 2.  Footnote 3 of the letter provided:

> For appeals to NSF's General Counsel, note the requirements of 45 C.F.R. § 612.9(a): "You must make your appeal in writing and it must be received by the Office of the General Counsel within ten days of the receipt of the denial (weekends, legal holidays, and the date of receipt excluded) *[note, this 10-day time period has been superseded by recent legislation enacting a 90-day time period, referenced above]*. Clearly mark your appeal letter and the envelope 'Freedom of Information Act Appeal.' Your appeal letter must include a copy of your written request and the denial together with any written argument you wish to submit."

*Id.* (emphasis in original).

Rather than appealing Defendant's decision, on September 18, 2022, Plaintiff sent an e-mail to Defendant which stated, in part:

> I have no interest in appealing. If you all are not willing and able to abide by federal laws, then I will be filing the attached in federal court by cob Monday 09/19/22.

*See* Ex. 3.

On November 8, 2022, Plaintiff filed the Complaint under FOIA.  ECF No. 1.  By document dated August 25, 2023, and filed on February 16, 2023, Plaintiff sought additional time to perfect service.  ECF No. 5.  On February 24, 2023, the Court granted Plaintiff's motion and ordered that deadline for Plaintiff to effectuate service is extended to February 28, 2023.  *See* Feb. 24, 2023, Min. Order.

**LEGAL STANDARDS**

**A.    Rule 12(b)(6)**

The Court may dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). A complaint cannot survive a 12(b)(6) motion when it does not plead sufficient factual detail "to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Sissel v. Dep't of Health & Human Servs.*, 760 F.3d 1, 4 (D.C. Cir. 2014). This means that a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555–56. When assessing a plaintiff's claims, the court may consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Gordon v. U.S. Capitol Police*, 778 F.3d 158, 163–64 (D.C. Cir. 2015).

In deciding a motion to dismiss for failure to state a claim, all allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Scheuer v. Rhodes*, 416 U.S. 232 (1974). The Court need not, however, accept as true the plaintiff's legal conclusions "couched as factual allegations" or "conclusory allegations" that are unsupported by the facts pleaded in the complaint. *Abdelfattah v. Dep't of Homeland Sec.*, 787 F.3d 524, 538 (D.C. Cir. 2015); *Swanson Group Mfg. LLC v. Jewell*, 790 F.3d 235, 240 (D.C. Cir. 2015). Consistent with these principles, the court employs a "two-pronged approach" to first identify the factual allegations entitled to an assumption of truth and then determines "whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 678.

B.     **Dismissal Based on Failure to Exhaust Remedies in FOIA Cases**

"Although FOIA cases typically and appropriately are decided on motions for summary judgment, where an agency argues that the requester has failed to exhaust his administrative remedies, courts analyze the matter under Rule 12(b)(6) for failure to state a claim," as the D.C. Circuit has instructed. *Jean-Pierre v. Fed. Bureau of Prisons*, 880 F.Supp.2d 95, 100 n.4 (D.D.C. 2012) (citations and quotation marks omitted); *see Hidalgo v. FBI*, 344 F.3d 1256, 1260 (D.C. Cir. 2003) (vacating grant of summary judgment and remanding FOIA case "with instructions to the district court to dismiss the complaint under [Rule] 12(b)(6) . . . for failure to exhaust administrative remedies").

However, as one court has recently noted, "the difficulty with [the D.C. Circuit's] directive is that Rule 12(b)(6) confines a court to the Complaint, subject to a few exceptions not applicable here." *See Acosta v. FBI*, 946 F. Supp. 2d 47, 50 (D.D.C. 2013). "Yet, most exhaustion analyses will require courts to consider materials outside of the Complaint—*e.g.*, declarations describing how agencies responded to requests and letters memorializing their communications to requesters —particularly when dealing with *pro se* litigants, who are unlikely to provide a full procedural background of their claim." *Id*. Further, Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or Rule 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *see Rosenberg v. Dep't of Immigr. & Customs Enf't*, Civ. A. No. 12-452 (CKK), 2013 WL 3791461 at *3 (D.D.C. July 22, 2013) (treating defendant's motion to dismiss as one for summary judgment because of the reliance on evidence outside the pleadings).

C.     **Rule 56 – Summary Judgment Standard**

Summary judgment is appropriate when the pleadings and evidence show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994). The party seeking summary judgment must demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 248. A genuine issue of material fact is one that "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. In determining whether a genuine issue of material fact exists, the trier of fact must view all facts, and reasonable inferences drawn therefrom, in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of material fact." *Anderson*, 477 U.S. 242, 247-48 (emphasis in original). The moving party may discharge this burden by "'showing'—that is point out to the [Court]—that there is an absence of evidence to support the non-moving party's case." *Sweats Fashion, Inc. v. Pannill Knitting Co.,* 833 F.2d 1560, 1563 (Fed. Cir. 1987); *see also Celotex*, 477 U.S. at 332. Once the moving party has met its burden, the non-moving party may not rest upon the mere allegations or denials of his pleadings, and must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Anderson*, 477 U.S. at 252. Summary judgment is thus due if the non-moving party fails to offer "evidence on which the jury could reasonably find for the [nonmovant]." *Id.*

## ARGUMENT

Plaintiff's FOIA claim should be dismissed for failure to exhaust administrative remedies. Under FOIA, a plaintiff typically must: (1) provide the required proof of identity, *Summers v. Dep't of Just.*, 999 F.2d 570, 572-73 (D.C. Cir. 1993); (2) reasonably describe the records sought,

*Gillin v. IRS*, 980 F.2d 819, 822-23 (1st Cir. 1992); (3) comply with the agency requirements, including fee payment requirements, *Trueblood v. Dep't of Treasury*, 943 F. Supp. 64, 68 (D.D.C. 1996); and (4) administratively appeal a denial of records, *Oglesby*, 920 F.2d 57.  Further, as noted, a requester must demonstrate that she complied with the agency's submission procedures and appeals process.  *See Hidalgo*, 344 F.3d at 1259.  Here, Plaintiff has not alleged, let alone demonstrated, that she complied with the administrative procedural mechanisms for purposes of the FOIA.

Instead, Plaintiff's correspondence to Defendant specifically stated she has "no interest in appealing," which is a required part of pursuing a FOIA claim in court if the agency has provided a response.  *See* Ex. 3; *Hidalgo*, 344 F.3d at 1259.  Accordingly, under FOIA, Plaintiff's Complaint is legally deficient for failure to exhaust administrative remedies.

\* \* \*

## CONCLUSION

For the reasons set forth above, Defendant respectfully respects that this Court dismiss the claims against it, or grant summary in Defendant's favor, due to Plaintiff's failure to exhaust required administrative remedies. A proposed order is enclosed herewith.

Dated: March 20, 2023

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

BRIAN P. HUDAK
Chief, Civil Division

By:   /s/ T Anthony Quinn
T. ANTHONY QUINN
D.C. Bar No. 415213
Assistant United States Attorney
Civil Division
601 D Street, NW
Washington, D.C. 20530
(202) 252-7558
tony.quinn2@usdoj.gov

*Counsel for the United States of America*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 20, 2023, I caused a copy of the foregoing to be served on Plaintiff *via* postage prepaid first-class mail to:

CAROL SCARLETT<br>
1417 Ginger Lane<br>
Naperville, IL 60565

                          */s/ T Anthony Quinn*
                          T. ANTHONY QUINN
                          Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CAROL SCARLETT,

    Plaintiff,

v.

NATIONAL SCIENCE FOUNDATION
OFFICE OF INSPECTOR GENERAL,

    Defendant.

CIVIL ACTION NO. 22-3451 (CJN)

## [PROPOSED] ORDER

UPON CONSIDERATION of Defendant's Motion to Dismiss, and the entire record herein, it is hereby

ORDERED, that the motion is GRANTED; and it is further

ORDERED, that Plaintiff's Complaint shall be DISMISSED.

SO ORDERED this _____ day of _____, 2023.

_____
CARL J. NICHOLS
United States District Judge