UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL SCARLETT,<br><br>           Plaintiff,<br><br>    v.<br><br>NATIONAL SCIENCE FOUNDATION<br>OFFICE OF INSPECTOR GENERAL,<br><br>           Defendant. | Civil Action No. 22-3451 (CJN) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTIONS
FOR SUMMARY JUDGMENT AND REPLY IN FURTHER SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, the National Science Foundation Office of Inspector General, by and through undersigned counsel, respectfully submits this memorandum in opposition to Plaintiff's Motions for Summary Judgment (ECF Nos. 10, 13) and in reply in further support of Defendant's Motion to Dismiss or in the Alternative for Summary Judgment (ECF No. 7). In short, because Plaintiff concedes that she failed to exhaust administrative remedies, her summary judgment motions should be denied and Defendant's motion to dismiss or alternatively for summary judgment should be granted.

**BRIEF PROCEDURAL HISTORY**

This case arises from Plaintiff's July 21, 2022, Freedom of Information Act ("FOIA") request to the National Science Foundation Office of Inspector General. *See* Pl.'s Compl. ¶ 16; *see also* ECF No. 7-1. Defendant sent its final response to Plaintiff's FOIA request on September 8, 2022. *See* ECF No. 7-2. In the final response letter, Defendant notified Plaintiff of her rights to appeal Defendant's final decision and response. *Id*. at 2. Rather than appealing Defendant's

decision, on September 18, 2022, Plaintiff wrote to Defendant, stating in part, "I have no interest in appealing." ECF No. 7-3.

On November 8, 2022, Plaintiff filed the Complaint. ECF No. 1. On March 20, 2023, Defendant filed its motion to dismiss, or in the alternative, for summary judgment, arguing that Plaintiff had failed to exhaust her administrative remedies by not appealing Defendant's final decision. ECF No. 7. On March 27, 2023, the Court ordered, in part, that:

> Plaintiff shall file an Opposition to Defendant's Motion to Dismiss, ECF No. 7, on or before May 10, 2023. If Plaintiff fails to file a timely response—or fails to respond to the arguments raised by Defendant in its Motion—the Court will treat Defendant's Motion as conceded and, if the circumstances warrant, enter judgment for Defendant.

ECF No. 8 at 3. On March 30, 2023, Plaintiff filed a motion for summary judgment (ECF No. 10), asking the court to order access to the records, and not addressing her failure to exhaust.[1] On May 10, Plaintiff filed her Opposition to Defendant's Motion to Dismiss or for Summary Judgment (ECF No. 12), again asking the Court to order access to the records. On June 29, Plaintiff filed a second motion for summary judgment (ECF No. 13), arguing that Defendant had not yet responded—within the fourteen-day period proscribed by the Court's April 20, 2023, Minute Order—to Plaintiff's prior filings (ECF Nos. 10, 12).

---

[1] Defendant notes that neither of Plaintiff's summary judgment motions (ECF Nos. 10, 13) contain a statement of facts, and thus they do not comply with Local Civil Rule 7(h). That Rule provides in part:

> Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement.

LCvR 7(h).

**ARGUMENT**

As an initial matter, Plaintiff's second motion for summary judgment (ECF No. 13) should be denied as moot. The Court granted Defendant's Motions for Extension of Time to File a Consolidated Brief. See Minute Orders dated July 10, 2023, and July 27, 2023.

In both her March 30, 2023, Motion for Summary Judgment (ECF No. 10) and her May 10, 2023 Opposition to Defendant's Motion to Dismiss or for Summary Judgment (ECF No. 12), Plaintiff has presented no fact, legal authority, or argument countering Defendant's argument that she failed to exhaust her administrative remedies prior to filing this action. Rather, Plaintiff's motion and opposition merely restate allegations contained in the complaint. Thus, Plaintiff's FOIA complaint should be dismissed for failure to exhaust administrative remedies.

Under FOIA, a plaintiff must administratively appeal a denial of records, and failure to do so precludes judicial review. *See Hidalgo v. FBI*, 344 F.3d 1256, 1258–59 (D.C. Cir. 2003) ("as a jurisprudential doctrine, failure to exhaust precludes judicial review if 'the purposes of exhaustion' and the 'particular administrative scheme' support such a bar," quoting *Oglesby v. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990). Here, Plaintiff has not alleged, let alone demonstrated, that she complied with the administrative procedural mechanisms for purposes of the FOIA. Thus, because Plaintiff elected not to appeal the agency's final decision, Plaintiff has failed to exhaust her administrative remedies. Thus, the Court should dismiss Plaintiff's claim or grant summary judgment in Defendant's favor.

Plaintiff's motion for summary judgment should be denied for the same reasons that Defendant's motion to dismiss should be granted. Summary judgment can be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 247–48 (1986); *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006). A fact is "material" if it is capable of affecting the substantive outcome of the litigation. *Holcomb*, 433 F.3d at 895; *Liberty Lobby, Inc.*, 477 U.S. at 248.  A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby, Inc.*, 477 U.S. at 248.  Plaintiff meets none of the requirements for a grant of summary judgment as a matter of law.  Plaintiff's FOIA claim should therefore be dismissed.

  Plaintiff's motion fails for reasons that the Plaintiff cannot dispute: Plaintiff admitted that she elected not to appeal the agency's final decision.  Indeed, Plaintiff wrote to Defendant, stating in part, "I have no interest in appealing."  *See* ECF No. 7-3.  Accordingly, the Court should deny Plaintiff's motion and grant summary judgment in Defendant's favor.

*   *   *

## CONCLUSION

Defendant respectfully requests that this Court dismiss the FOIA claims against it or in the alternative grant summary judgment in Defendant's favor due to Plaintiff's failure to exhaust administrative remedies. Defendant further requests that the Court deny Plaintiff's motion for summary judgment as she has failed to demonstrate that is no genuine dispute as to her entitlement to the production of records.

Dated: September 13, 2023
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: /s/ L'Shaunteé J. Robertson
L'SHAUNTEE J. ROBERTSON, D.C. BAR #980248
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
202-252-1729
Lshauntee.robertson@usdoj.gov

*Counsel for the United States of America*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 13, 2023, I caused a copy of the foregoing to be served on Plaintiff by email as follows:

CAROL SCARLETT
cyscarlett@gmail.com

/s/ L'Shaunteé J. Robertson
L'SHAUNTEE J. ROBERTSON

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL SCARLETT,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL SCIENCE FOUNDATION<br>OFFICE OF INSPECTOR GENERAL,<br><br>    Defendant. | Civil Action No. 22-3451 (CJN) |

## [PROPOSED] ORDER

UPON CONSIDERATION of Defendant's motion to dismiss or in the alternative for summary judgment and Plaintiff's motions for summary judgment, and the entire record herein, it is hereby

ORDERED that the Defendant's motion is GRANTED;

ORDERED that the Plaintiff's motions are DENIED; and it is further

ORDERED that this action is DISMISSED.

SO ORDERED this _____ day of _____, 2023.

_____
CARL J. NICHOLS
United States District Judge